PAMMENT *v.* WARNER.

EQUITY PRACTICE—AMENDMENTS—NEW ISSUE.

An amendment to a bill in chancery, introducing a new issue, should not be permitted after the testimony has all been taken. So *held* where a bill to set aside a deed, given in consideration of an agreement of support, set up the incapacity of the grantor and the nonperformance of the agreement as grounds for relief, and it was proposed to amend by setting up a failure to secure the performance of the agreement by a lien on the land, as agreed.

Appeal from Ingham; Wiest, J. Submitted November 3, 1903. (Docket No. 73.) Decided December 22, 1903.

Bill by Daniel Pamment, individually and as administrator of the estate of Nathaniel Pamment, deceased, against Emma L. Warner and Orestes B. Warner, to set aside a deed. From a decree dismissing the bill, complainant appeals. Affirmed.

*Q. A. Smith* and *O. J. Hood*, for complainant.

*Rollin H. Person* (*Seymour H. Person*, of counsel), for defendants.

CARPENTER, J. March 30, 1896, Nathaniel Pamment delivered to his daughter, the first-named defendant, a warranty deed, executed by him as grantor, conveying to her as grantee 60 acres of land, constituting his homestead, and situated in the township of Leroy, Ingham county, in this State, and at the same time the father transferred to the daughter his personal property and household furniture. The only consideration for these transfers was a collateral contract, executed by Emma, as party of the first part, and Nathaniel, as party of the second part, by the

terms of which said Nathaniel obtained a life lease in the property, and by which "the party of the first part agrees to board and clothe and care for in sickness and in health and to pay all doctor bills that may be necessary during the life of the party of the second part; also the party of the first part hereby agrees, in addition to the above, to pay to the party of the second part the sum of twenty dollars each year during his life, in equal monthly payments, and at his death to pay all funeral expenses."

Soon after the execution of this paper, defendant Emma married the codefendant, Orestes B. Warner. Nathaniel Pamment lived in the family of defendants, on the property in controversy, from that time until March 20, 1900, when he left them, and took up his residence with his son, Daniel, the present complainant in this suit. On the 7th of the following April, he commenced this suit in chancery for the purpose of obtaining a decree setting aside said transfers upon the ground that the defendants did not perform the agreement in said collateral contract, and upon the ground that at the time he executed the deed he was "enfeebled by age in his bodily and mental faculties," and that the deed was consequently "a fraud upon his rights." On the 31st of January, 1901, Nathaniel Pamment died, and the suit was thereafter prosecuted by his son, both in his individual capacity and as administrator of his father's estate. The case was heard upon pleadings and proofs taken in open court.

After the testimony had all been taken, but before argument, complainant's counsel desired to amend the bill by adding the charge that the performance of the agreement of the defendant Emma, in the collateral agreement, was not secured by a lien upon the land, as agreed, and that for this reason the deed should be set aside. The trial court refused to permit this amendment upon the very proper ground that it would introduce a new issue in the case, and made a decree dismissing complainant's bill.

Complainant's counsel argue that these transfers should be set aside on three grounds: *First.* the grantor was

mentally incompetent to make them; *second*, their execution was procured by undue influence; and, *third*, defendant Emma and her husband did not perform the agreement in the collateral contract. Assuming that the averments of the bill are sufficient to enable complainant to rely upon the first and second of these grounds,—and those averments require a very liberal construction, indeed, to justify this assumption,—it is quite sufficient to say that a careful examination of the record convinces us that the grantor was mentally competent to make these transfers, that they were not procured by undue influence, and that defendant Emma and her husband have not so failed to perform said agreement as to justify a decree setting them aside. The issue is purely one of fact, and a further discussion would be unprofitable.

The decree of the court below will be affirmed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.